IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
FRANK NELLOM                  :       CIVIL ACTION
                              :
                              :
        v.                    :
                              :
                              :
DONALD T. VAUGHN, et al.      :       NO. 01-5416
```

MEMORANDUM AND ORDER

McLaughlin, J.                                     November 19, 2007

      The petitioner has filed three motions related to this Court's denial of his previous habeas petition.  The application for relief from judgment sets out the substance of the petitioner's claim under Fed. R. Civ. P. 60(b).  The motion for summary judgment asks the court to grant his 60(b) claim because the defendants have not opposed it.  The petitioner also requests an in-court hearing.

      The petitioner is currently serving a sentence for rape arising out of an incident in March, 1987.  The petitioner claims that a January 31, 1992, letter to the parole board should serve as a timely filed petition under the Pennsylvania Post Conviction Relief Act ("PCRA").  His June 23, 2000, PCRA petition was denied as untimely, at which point he sought federal relief.  The Court dismissed the petitioner's habeas petition as time barred on November 20, 2002.

The petitioner claims that the Court's dismissal of his habeas petition was grounded on false information. He argues that because his 1992 PCRA petition has never been heard on the merits, it remains pending, and therefore tolled the limitations period for his habeas petition. He argues that his unlawful incarceration violates his Constitutional rights and that this provides "extraordinary circumstances" under which the Court should vacate the prior judgment.

The petitioner makes his claim under Fed. R. Civ. P. 60(b), which provides for relief from judgment where there has been a mistake or "fraud, misrepresentation, or other misconduct of an adverse party" has occurred. Fed. R. Civ. P. 60(b)(1),(3). He contends that the Pennsylvania Superior Court's December 4, 2002, order dismissing his PCRA petition was invalid, and that therefore his claim for habeas was not time barred. The petitioner claims that the Superior Court committed fraud in its decision and that the Court relied on that fraudulent information in dismissing his habeas petition.[1]

In addition to his claim about the timeliness of his PCRA petition, the petitioner also claims that he has been detained in violation of federal law and 42 Pa. C.S.A. § 9760

---

[1] Although he does not cite subsection (3), the Court will assume that it is the applicable section because of the petitioner's claim that the dismissal was grounded on false information.

2

since March 28, 2007, because he was not given credit for time served between March 28, 1987 (the day of his initial arrest) and June 25, 1991 (the day he was sentenced to twenty years for rape, after a mistrial, a retrial, a vacated conviction, and a new trial).[2]

The United States Court of Appeals for the Third Circuit held in Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004), that "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.  However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."  The court in Pridgen held that the District Court could exercise jurisdiction over the petitioner's claim that his second PCRA petition was a properly filed application for collateral review and therefore tolled the statute of limitations, because "if proven, [it] would necessarily result in the reopening of Pridgen's federal habeas proceeding."  Id.

---

[2] Although the petitioner does not cite subsection (1) of Rule 60(b), which provides for relief where there has been mistake, inadvertence, surprise, or excusable neglect, the Court will assume that it is the applicable section because of the petitioner's claim that his sentence has been miscalculated.

The United States Supreme Court held in <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 538 (2005), that "a Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.  A motion that . . . challenges only the District Court's failure to reach the merits does not warrant such treatment and can therefore be ruled upon by the District Court without precertification by the Court of Appeals."  The District Court has jurisdiction "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  <u>Id.</u> at 532.  The Court gives "fraud on the federal habeas court" as an example of such a defect in integrity.  <u>Id.</u> n.5.

Under <u>Gonzalez</u> and <u>Pridgen</u>, the petitioner states a claim under Rule 60(b) that may be adjudicated on the merits.  His claim that the 1992 letter to the parole board was a PCRA petition that tolled the statute of limitations for his collateral claim is factually analogous to <u>Pridgen</u>, in which the petitioner claims that his PCRA petitioner was properly filed and tolled the habeas statute of limitations.

The Court, therefore, orders the defendants to respond to the application for relief from judgment/enforcement of the

4

state court judgment and the motion for summary judgment on or before December 14, 2007.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK NELLOM | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DONALD T. VAUGHN, et al. | : | NO. 01-5416 |

ORDER

AND NOW, this 19th day of November, 2007, upon consideration of the petitioner's application for relief from judgment under Fed. R. Civ. P. 60(b) (Docket No. 24), his motion for summary judgment (Docket No. 27), and his application for a court hearing (Docket No. 28) it is hereby ORDERED that:

1. The defendant is ordered to respond on or before December 14, 2007 to the petitioner's Rule 60(b) petition and the motion for summary judgment;

2. The petitioner's application for an in-court hearing is denied.

BY THE COURT:

Mary A. McLaughlin, J.