IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK NELLOM | : | CIVIL ACTION |
| v. | : | |
| DONALD T. VAUGHN, et al. | : | NO. 01-5416 |

MEMORANDUM AND ORDER

McLaughlin, J.                                             January 14, 2008

       Petitioner Frank Nellom is currently serving a sentence for rape arising out of an incident in March, 1987.  He filed three motions related to the Court's denial of his previous habeas petition in November of 2002:  a petition for relief from judgment under Fed. R. Civ. P. 60(b); a motion for summary judgment; and a motion for an in-court hearing.  In a Memorandum and Order dated November 19, 2007, the Court denied the motion for an in-court hearing and ordered the defendant to respond to the Rule 60(b) petition and the motion for summary judgment.  The defendant has now responded and the Court will deny the petitioner's Rule 60(b) petition and his motion for summary judgment.

       The sections of Rule 60(b) that could potentially apply to the petitioner's claims are 60(b)(1) (providing relief from judgment in cases of mistake or excusable neglect) and 60(b)(3)

(providing relief from judgment in cases involving fraud or misrepresentation).

Mr. Nellom claims that the Court's dismissal of his habeas petition was grounded on false information.  He contends that a letter he wrote to the parole board on January 31, 1992, should be treated as a timely filed petition under the Pennsylvania Post Conviction Relief Act ("PCRA").  When the Pennsylvania Superior Court dismissed his June 23, 2000, PCRA petition as untimely, he sought federal relief.  The Court dismissed his habeas petition as time barred on November 20, 2002.  Mr. Nellom argues that because his 1992 PCRA petition has never been heard on the merits, it remains pending, and therefore tolled the limitations period for his habeas petition.  He claims that the Court's dismissal of his habeas case was grounded on the false information that he had not filed a timely PCRA petition, and he seeks relief under Rule 60(b).

Mr. Nellom also claims that he has been detained in violation of federal law and 42 Pa. C.S. § 9760 since March 28, 2007, because he was not given credit for time served between March 28, 1987 (the day of his initial arrest) and June 25, 1991 (the day he was sentenced to twenty years for rape, after a mistrial, a retrial, a vacated conviction, and a new trial).  Although he does not cite to subsection (1) of Rule 60(b), the

Court will assume that it is the applicable section because of Mr. Nellom's claim that his sentence has been miscalculated.

The time limitation in Rule 60(b) applies to both of Mr. Nellom's claims. Motions under Rule 60(b)(1), (2), and (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Court dismissed the petitioner's habeas corpus application as time barred on November 20, 2002. Mr. Nellom filed his Rule 60(b) petition on May 23, 2007. More than four years have elapsed since the Court's judgment, and Mr. Nellom's Rule 60(b) petition is time barred.

Even if his petition were not time barred, Mr. Nellom's letter to the parole board in January of 1992 is not a properly filed application for post-conviction relief under the PCRA. Courts, not parole boards, have jurisdiction over applications for postconviction relief. 42 Pa. C.S. § 9545(a) ("Original jurisdiction over a proceeding under this subchapter shall be in the court of common pleas."). In addition, Mr. Nellom's letter to the parole board in January of 1992 predated the time when his conviction became final on direct review (his rape conviction was affirmed in October of 1992). With limited exceptions, a prisoner seeks collateral postconviction relief after his conviction becomes final, not before. Id. § 9545(b)(1), (b)(3). Finally, state courts, not federal courts, decide whether an

application for state postconviction relief has been properly filed.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005); Artuz v. Bennett, 531 U.S. 4 (2000).  It does not appear that the state court has accepted Mr. Nellom's 1992 letter to the parole board as a timely application for state postconviction relief.

     Mr. Nellom's contention that his sentence has been miscalculated is not a continuation of his earlier habeas proceeding.  He filed a writ of mandamus in Pennsylvania Commonwealth Court in 2005 requesting that the court order the Department of Corrections to recalculate his sentence.  The Commonwealth Court concluded that although Mr. Nellom's sentence needed to be recalculated, he was not entitled to credit for time served on the rape sentence for the time he spent in prison between the date that his original sentence was vacated and the date that the new sentence was imposed, because the new sentence was ordered to run consecutively to any sentence he was currently serving, not concurrently.  (Mr. Nellom was resentenced on the rape charge to 6 to 20 years to be served consecutively to the 1 to 4 years he was serving on the robbery charge.)  The Department of Corrections recalculated Mr. Nellom's sentence and determined that his release date should be January 14, 2009.  Mr. Nellom's

4

insistence that his release date should have been March 28, 2007, (exactly 20 years after his arrest) does not take into account that his sentences for rape and robbery must be served consecutively.  Although Mr. Nellom may not agree with the Department of Corrections's recalculation, that does not make his arguments arising from the 2006 Commonwealth Court decision part of a habeas case that he filed in 2001 and that was dismissed in 2002.  Memorandum Opinion, Nellom v. Pa. Dep't of Corrections, No. 240 M.D. 2005, Pa. Commwlth. Ct., Feb. 7, 2006, at 7; Response to Application for Relief from Judgment and to Motion for Summary Judgment, at 3.

      Mr. Nellom's claims under Rule 60(b) are time barred and invalid for the reasons discussed above.  His motion for summary judgment is premised on the defendants' lack of response.  They have now responded, and his Rule 60(b) petition and his motion for summary judgment are denied.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANK NELLOM                    :     CIVIL ACTION
                                :
        v.                      :
                                :
DONALD T. VAUGHN, et al.        :     NO. 01-5416

## ORDER

AND NOW, this 14th day of January, 2008, upon consideration of the petitioner's application for relief from judgment under Fed. R. Civ. P. 60(b) (Docket No. 24), his motion for summary judgment (Docket No. 27), and the defendant's response (Docket No. 34), it is hereby ORDERED that the petitioner's Rule 60(b) petition and his motion for summary judgment are DENIED.

                                        BY THE COURT:


                                        /s/ Mary A. McLaughlin
                                        Mary A. McLaughlin, J.